IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Shavell Johnson,                                              Case No. 3:15CV00890

      Plaintiff

      v.                                                          **ORDER**

City of Perrysburg, et al.,

      Defendants


      Shavell Johnson brought this suit against defendants Perrysburg Township (Township), Dustin Glass, a patrolman for the Township, the City of Perrysburg (City), and City Prosecutor P. Martin Aubry. Johnson alleges the defendants violated his constitutional rights by prosecuting him in the Perrysburg Municipal Court for violating a protective order after an appellate court had vacated his conviction on the same charge and his service of a term of imprisonment.

      Pending is defendants' motion to dismiss the complaint (Doc. 6). For the reasons stated below, I grant defendant's motion to dismiss.

## Background

      On September 24, 2012, Officer Glass filed a single charge against *pro se* plaintiff, Johnson for violating a protection order.

On January 9, 2013, the Perrysburg Municipal Court convicted Johnson for violating a Lucas County domestic violence protection order and a Wood County stalking protection order. Johnson was sentenced to a term of imprisonment, which he served.

On June 6, 2014, the Ohio Court of Appeals vacated Johnson's conviction because the prosecution failed to introduce evidence at trial proving Johnson was properly served with the protection orders he was accused of violating. *State v. Johnson*, 2014 WL2566260 (Ohio 6th Dist. Ct. App.). In its decision to vacate, the appellate court relied on *State v. Smith*, 136 Ohio St. 3d 1, 4-5 (2013), which held that to convict a defendant for violating a protective order, the prosecution must prove the order was delivered to the defendant.

The Supreme Court of Ohio decided *Smith* on April 30, 2013. This occurred after Johnson's conviction in Perrysburg Municipal Court. Thus, Aubry did not have the benefit of the Supreme Court of Ohio's reasoning in *Smith* when he prosecuted Johnson's case.

Johnson first filed a complaint on September 10, 2014 against the four defendants. (Case No. 3:14CV02008 Doc. 1). Johnson alleged state claims for malicious prosecution and abuse of process, and federal claims under 42 U.S.C. § 1983, including violation of his Fourth, Eighth, and Fourteenth Amendment rights, malicious prosecution, and abuse of process.

On February 25, 2015, Johnson moved to dismiss the claims against defendants the City and Aubry. The parties having stipulated thereto, I dismissed Johnson's first complaint (Case No. 3:14CV02008, Doc. 21). The parties stipulated to the voluntary dismissal and I granted it with prejudice. (Case No. 3:14CV02008 Doc. 23).

On March 31, 2015, at his attorney's request, I dismissed Johnson's remaining claims against the Township and Glass without prejudice. (Case No. 3:14CV02008 Doc. 24).

On May 5, 2015, Johnson re-filed his complaint against the City, Glass, and Aubrey.[1] (Doc. 1). Defendants now move to dismiss (Doc. 6).

## Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A generous construction of *pro se* pleadings is not without limits, however. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A district court is required to dismiss a claim or action under 28 U.S.C. § 1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistruck v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

## Discussion

Under Fed. R. Civ. P. 8(a)(2) "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

A plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009). Thus, "[t]hreadbare recitals of the elements of a

---

[1] It is unclear whether Johnson intended to re-file his complaint against the Township. To the extent he has, I also analyze, and dismiss, his claims against the Township.

3

cause of action" unsupported by any factual allegations that are no more than "mere conclusory statements" are not enough to state a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

In the complaint Johnson states seven causes of action: violations of his Fourth, Eighth, and Fourteenth Amendment rights, state and federal malicious prosecution, and state and federal abuse of process. All seven causes of action are unsupported by factual allegations. Because Johnson's causes of action contain nothing more than barebones legal conclusions, I dismiss his claims.

### A. Fourth, Eighth, and Fourteenth Amendments

First, Johnson fails to state a 42 U.S.C. § 1983 claim under the Fourth, Eighth, and Fourteenth Amendments. An individual can seek relief for an alleged constitutional violation under § 1983. To succeed on a claim brought under § 1983, a plaintiff must prove: "1) the defendant was a person acting under the color of state law, and 2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Fridley v. Horrighs*, 291 F.3d 867, 71-72 (6th Cir. 2002).

The Fourth, Eighth, and Fourteenth Amendments all relate to unreasonable seizures by use of force. Although Johnson does not specify, he seems to allege a claim for unreasonable seizure of his person. I analyze claims each of the three Amendments under a different standard.

The Fourth Amendment provides, in relevant part, "[t]he right of the people to be secure in their persons…against unreasonable searches and seizures, shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affirmation…."

4

U.S. Const. amend. IV. It is "established that any arrest without probable cause violates the Fourth Amendment." *Crocket v. Cumberland College*, 316 F.3d 571, 580 (6th Cir. 2003). When an officer seizes or arrests a person "and the use of force occurred in the course of an arrest or other seizure, then the plaintiff's claim arises under the Fourth Amendment reasonableness standard." *Lanman v. Hinson*, 529 F.3d 673, 680 (6th Cir. 2008).

Johnson does not allege an instance where any of the defendants unreasonably used force while seizing or arresting him. He simply asserts in an entirely conclusory manner that the "[d]efendants' actions were performed under color of state law and deprived the victim of a federally protected right…" and that their actions "deprived the Plaintiff of his right to be free from unreasonable seizures by the use of force in violation of the Fourth, Eighth, and Fourteenth Amendments…." (Compl. ¶¶ 13, 14). Johnson's complaint contains merely a recital of the elements of a § 1983 Fourth Amendment cause of action.

The Eighth Amendment prohibits the government from inflicting "cruel and unusual punishment" on individuals. U.S. Const. amend. VIII. The Sixth Circuit instructs that "the Eighth Amendment's ban on cruel and unusual punishment applies to excessive-force claims brought by convicted criminals serving their sentences." *Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010). Nowhere in the complaint does Johnson state any of the defendants used excessive force against him while he was serving his sentence. Thus, he fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 for an Eighth Amendment violation.

A plaintiff may bring an excessive force claim under the Fourteenth Amendment when the plaintiff alleges the violation happened when he or she was a pretrial detainee, "because when a plaintiff is not in a situation where his rights are governed by the particular provisions of the Fourth or Eighth Amendments, the more generally applicable Due Process Clause of the Fourteenth Amendment provides the individual with protection against physical abuse by officials." *Lanman*, *supra*, 529 F.3d at 680-81.

Johnson does not allege that the defendants used excessive force in violation of his due process rights when he was a pretrial detainee. He does not even state the dates he was a pretrial detainee or whether any of the defendants were present when he was a pretrial detainee. Thus, Johnson fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 for a violation of the Fourteenth Amendment.

### B. Malicious Prosecution

Second, Johnson fails to state a claim, under both state and federal law, for malicious prosecution. A lack of probable cause is a central element to both a state and federal claim for malicious prosecution. *Voyticky v. Village of Timberlake*, 412 F.3d 669, 675-76 (6th Cir. 2005). Beyond simply stating that the defendants accused him of committing crimes without probable cause, Johnson did not provide any facts to support this conclusion. Instead, he simply stated twice that the defendants falsely accused him of "committing crimes without probable cause or lack thereof." (Compl. ¶¶ 25, 27).

### C. Abuse of Process

Johnson's state claim for abuse of process is nearly a verbatim recitation of the elements of the tort of abuse of process in Ohio. Johnson states "[d]efendants, while acting under the color of the law, by instituting a legal proceeding in proper form and

6

with probable cause." (Compl. ¶ 38). Similarly, the first element of an Ohio abuse of process tort is "that a legal proceeding has been set in motion in proper form and with probable cause." *Voyticky*, *supra*, 412 F.3d at 677.

Johnson continues, "and that proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed." (Compl. ¶ 38). Identically, the second element is "that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed." *Voyticky*, *supra*, 412 F.3d at 677.

Lastly, Johnson alleges "and direct damage has resulted from the wrongful use of process." (Compl. ¶ 38). Likewise, the third element is "that direct damage has resulted from the wrongful use of process." *Voyticky*, *supra*, 412 F.3d at 677.

Johnson's recitation of the elements of an Ohio abuse of process tort is a perfect example of the type of pleading that does not meet the requirements the Supreme Court of the United States set forth in *Twombly* and *Iqbal*.

Further, the Sixth Circuit has yet to hold that a federal claim for abuse of process is a cognizable constitutional cause of action that is redressable under § 1983. *Id.* at 676.

Additionally, beyond stating that the Township and Glass are parties in the case, Johnson fails to allege any personal involvement by either. He also did not specify how they were involved and what role they played in any of the alleged causes of action.

Ultimately, despite the liberal pleadings standard for *pro se* plaintiffs, Johnson fails to state a federal or state claim for malicious prosecution or abuse of process and a claim under § 1983 for violations of the Fourth, Eighth, and Fourteenth Amendments. Johnson did not allege enough facts to plausibly suggest, *inter alia*, that the defendants

7

violated his constitutional rights, lacked probable cause, or had an ulterior purpose for prosecuting him.

Because Johnson's case against the City and Aubry was dismissed with prejudice, he cannot re-file his original complaint against them. (Case No. 3:14CV02008 Doc. 23). When a plaintiff stipulates to a voluntary dismissal with prejudice, it "operates as a final adjudication on the merits and has a *res judicata* effect." *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001). Thus, my action to dismiss for failure to state a claim upon which relief may be granted only applies to Johnson's claims against defendants Glass and the Township.

## Conclusion

It is, accordingly

ORDERED THAT:

1. Plaintiff's complaint be, and the same hereby is dismissed; and
2. Pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and shall not be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge